UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARSHA SHARLENE RUTHERFORD,

        Petitioner,        CASE NO. 2:21-cv-10701

v.

        HON. ARTHUR J. TARNOW

JEREMY HOWARD,

        Respondent.
_____/

## **OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR A STAY AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES**

Petitioner Marsha Sharlene Rutherford, a state prisoner in the custody of the Michigan Department of Corrections, filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1) and a motion to hold the habeas petition in abeyance (ECF No. 2). The habeas petition challenges Petitioner's convictions for identity theft and related crimes. In her motion for a stay, Petitioner asks the Court to hold her petition in abeyance while she exhausts state remedies for one or more claims about her former attorneys. For the following reasons, the Court will grant Petitioner's motion for a stay, hold the habeas petition in abeyance, and close this case for administrative purposes.

## I. Background

Two of Petitioner's criminal cases were consolidated for trial in Oakland County Circuit Court. In both cases, a jury found her guilty of: identity theft, Mich. Comp. Laws § 445.65; conspiracy to commit identity theft, Mich. Comp. Laws § 750.157a; Mich. Comp. Laws § 445.65; obtaining, possessing, or transferring personal identifying information with intent to commit identity theft, Mich. Comp. Laws § 445.67; and attempt to obtain $1,000 or more, but less than $20,000, by false pretenses, Mich. Comp. Laws § 750.218(4)(a). *See People v. Rutherford*, Nos. 343185 and 343188, 2019 WL 5280834, at *1 (Mich. Ct. App. Oct. 17, 2019) (unpublished).

In Oakland County case number 2016-259897, the trial court sentenced Petitioner to terms of twenty-three months to five years in prison for the identity theft, six months to five years for the conspiracy, six months to three years for the unlawful use of personal identifying information, and six to thirty months for the attempted false pretenses. *Id*. In Oakland County case number 2016-260317, the trial court sentenced Petitioner to prison for seventeen months to five years in prison for the identity theft, six months to five years for the conspiracy and the unlawful use of personal identifying information, and six to thirty months for the attempted false pretenses. *Id*. In both cases, the trial court ordered Petitioner to

serve her sentence for identity theft consecutively to her other three sentences, which were ordered to run concurrently with each other. *Id*.

Petitioner appealed her convictions and sentences in both cases. Her appellate attorney argued that: (1) the trial court erred in denying Petitioner's motion for a directed verdict of acquittal, and reversal was required because there was insufficient evidence to support the convictions; and (2) the trial court erred in (a) scoring offense variable 19 of the sentencing guidelines without any support in the record, and (b) imposing a consecutive sentence without stating any reasons for the consecutive sentence. ECF No. 1-2, PageID.132, 144.

In a *pro se* supplemental brief, Petitioner argued that her rights to a fair trial and due process were violated when: (1) standby counsel undermined her right to self-representation by derailing the defense; (2) the prosecutor contradicted her witness's testimony; and (3) the trial court bolstered a prosecution witness's credibility by stating, "I find no impeachment," instead of simply sustaining the objection. ECF No. 1, PageID.21-24.

The Michigan Court of Appeals consolidated Petitioner's appeals and then remanded the cases to allow the trial court to (1) articulate its reason for imposing consecutive sentences or (2) issue a judgment of sentence showing that the sentences were to be served concurrently. The Court of Appeals affirmed

Petitioner's convictions and sentences in all other respects. *See Rutherford,* 2019 WL 5280834 at *1.

On remand, the trial court ordered all of Petitioner's sentences to run concurrently with each other. *See* ECF No. 1-1, PageID.104-105. Petitioner applied for leave to appeal in the Michigan Supreme Court, which denied leave to appeal on March 27, 2020. *See People v. Rutherford*, 505 Mich. 1018; 940 N.W.2d 105 (2020).

On March 10, 2021, Petitioner filed her habeas corpus petition and motion for a stay. In the section of the habeas petition designated for listing her claims, Petitioner referred to her attached appellate briefs. *See* ECF No. 1, PageID.5-12. In her motion for a stay, she indicated that she wants the Court to hold her petition in abeyance pending exhaustion of state remedies in the trial court. *See* ECF No. 2, PageID.190.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state

supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. To properly exhaust state remedies, a prisoner must fairly present the factual and legal basis for each of her claims to the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009).

The Court understands Petitioner's grounds for habeas relief to be the same claims that she presented to the state appellate courts on direct review. She alleges that she exhausted state remedies for these claims by presenting the claims to the highest state court. *See* ECF No. 1, PageID.5-12.

In her motion for a stay, however, Petitioner alleges that it is in her best interest to present claims of ineffective assistance of counsel to the state trial court in a motion for relief from judgment before this Court decides her defaulted claims. *See* ECF No. 2 at PageID.189. This allegation is based on Petitioner's mistaken belief that the State has argued in a responsive pleading that Petitioner's issues were waived or forfeited due to counsel's failure to object to the errors at trial. *See id.* at PageID.188-189. The State has not made that argument; in fact, it has not been served with the habeas petition, nor filed a responsive pleading.

Nevertheless, federal district courts ordinarily have authority to issue stays, *Rhines v. Weber*, 544 U.S. 269, 276 (2005), and in *Rhines,* the Supreme Court

approved a "stay and abeyance" procedure, which allows a district court to hold a habeas petition in abeyance while the petitioner returns to state court to pursue state remedies for previously unexhausted claims. *See id*. at 275.

Although Petitioner has not presented the Court with a "mixed" petition of exhausted and unexhausted claims like the one addressed in *Rhines*, a dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations, 28 U.S.C. § 2244(d). Furthermore, "a district court acts within its discretion when it stays a fully exhausted petition pending resolution of an unexhausted claim in state court[.]" *Cunningham v. Kelly*, 423 F. Supp. 3d 1034, 1037 n.3 (D. Or. 2019) (citing *Fetterly v. Paskett*, 997 F.2d 1295 (9th Cir. 1993), and *Nowaczyk v. Warden*, 299 F.3d 69, 79 (1st Cir. 2002)); *see also Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016) (holding that "the *Rhines* stay-and-abeyance procedure is not limited to mixed petitions"); *Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014) (stating that "a categorical bar on stays for unmixed petitions would 'unreasonably impair the prisoner's right to relief' and could 'effectively end any chance at federal habeas review' ") (citations omitted); *Heleva v. Brooks*, 581 F.3d 187, 191-92 (3d Cir. 2009) (concluding from the Supreme Court's decision in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), that the Supreme Court seems to have "open[ed] the door to utilizing the stay-and-abeyance procedure in at least some limited circumstances

6

beyond the presentation of a mixed petition"). Accordingly, the Court will grant Petitioner's motion for a stay.

## ORDER

For the reasons given above, Petitioner's motion for a stay, ECF No. 2, is **GRANTED**.

It is further **ORDERED** that, as a condition of the Court's stay, Petitioner must file her motion for relief from judgment in the state trial court within **sixty (60) days** of the date of this order if she has not already filed the motion.

It is further **ORDERED** that, if Petitioner is unsuccessful in state court, she must file an amended habeas corpus petition and a motion to re-open this case, using the same case number that appears on the first page of this order. The motion to re-open the case and the amended petition must be filed within **sixty (60) days** of exhausting state remedies for any new claims that Petitioner raises in her post-conviction motion.

It is further **ORDERED** that, because the amended petition will supersede Petitioner's initial petition, it must contain all the fully exhausted claims that Petitioner wants the Court to adjudicate. Any failure to comply with this order could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

Finally, it is **ORDERED** that this case is now closed for administrative purposes only. Nothing in this order shall be deemed an adjudication of Petitioner's current claims.

 s/Arthur J. Tarnow<br>
ARTHUR J. TARNOW<br>

Dated: June 23, 2021    SENIOR UNITED STATES DISTRICT JUDGE