UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARSHA SHARLENE RUTHERFORD**,<br><br>Petitioner,<br><br>vs.<br><br>**JEREMY HOWARD,**<br><br>Respondent. | 2:21-CV-10701-TGB-DRG<br><br>**ORDER (1) DIRECTING THE CLERK OF COURT TO OPEN A NEW CASE AND FILE ECF NOS. 11-13 IN THE NEW CASE AND (2) DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL IN THIS CASE** |

Before the Court are two motions to appoint counsel filed by habeas petitioner Marsha Sharlene Rutherford. ECF Nos. 9, 13. One of these motions (ECF No. 9) relates to the habeas petition Rutherford filed to initiate this case challenging her state convictions in Oakland County (ECF No. 1). The other motion to appoint counsel (ECF No. 13) pertains to a second habeas petition challenging her state convictions in Wayne County (ECF No. 11) that was incorrectly docketed as part of this case. For the reasons that follow, the Motion to Appoint Counsel pertaining to this case, dated August 18, 2021 (ECF No. 9) will be **DENIED.** Meanwhile, a new case will be opened for Rutherford's Wayne County-related habeas petition, and the pleadings relating to that case (ECF Nos. 11 through 13) will be properly entered under a new case number.

### A. Background

On March 10, 2021, Ms. Rutherford filed a pro se petition for the writ of habeas corpus (ECF No. 1) and a motion to hold the habeas petition in abeyance (ECF No. 2). The habeas petition challenged Petitioner's Oakland County convictions for identity theft and related crimes. ECF No. 1, PageID.1. On June 23, 2021, former United States District Judge Arthur J. Tarnow granted Petitioner's motion for a stay so that she could pursue additional remedies in state court. Judge Tarnow also administratively closed this case. ECF No. 8.

On August 18, 2021, Petitioner filed a motion for appointment of counsel (ECF No. 9), and on August 27, 2021, she filed another habeas corpus petition (ECF No. 11), an application to proceed without prepaying fees or costs (ECF No. 12), and another motion to appoint counsel (ECF No. 13). The habeas petition filed on August 27, 2021, was filed as an amended petition in this case. However, it challenges Petitioner's Wayne County convictions for embezzlement and related crimes, not her Oakland County convictions. ECF No. 11, PageID.228.

### B. Discussion on the two habeas petitions

Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts states that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Thus, Petitioner may

not challenge her Wayne County convictions and her Oakland County convictions in a single habeas corpus case.[1]

To correct the filing error, the Court orders the Clerk of this Court to open a new case and to file docket entries 11 through 13 there. The Clerk shall use August 27, 2021 as the filing date for those documents.

### C. Motion for Appointment of Counsel (ECF No. 9)

Petitioner alleges in her motion for appointment of counsel in the instant case, regarding her convictions in Oakland County, that she is indigent and unable to retain counsel. She also contends that her case is complex and that, without counsel, she will be unable to perform an investigation or present her claims to the Court in a proficient manner. Finally, she claims that the ends of justice would be served if counsel were appointed for her. ECF No. 9, PageID.217-18.

"Habeas proceedings . . . are civil in nature," *Banister v. Davis*, 140 S. Ct. 1698, 1702-03 (2020), and even though a district court has discretionary authority to appoint counsel for an indigent civil litigant, there is no constitutional right to appointment of counsel in a civil case.

---

[1] It appears that Petitioner may have intended to file a new case when she submitted the second habeas corpus petition to the Clerk of Court and that, on receipt of the petition, it was mistakenly returned to her and later filed as an amended petition in this case. *See* ECF No. 10, PageID.221 (Petitioner's letter to the Clerk of Court with a reference to the Wayne County case). Although the case number for this case appears on the letter and on the subsequent petition, it appears that a court employee may have handwritten this case number on those documents.

3

*Lavado v. Keohane*, 992 F.2d 601, 604-605 (6th Cir. 1993) (citations omitted). The present case, moreover, is closed because Petitioner sought a stay while she pursued state remedies for certain unexhausted claims.

Moreover, the Court has no authority to appoint counsel to assist Petitioner in state court. *See Selph v. Tedrow*, No. CV 17-00410 JCH/SCY, 2018 WL 1026374, at *5 (D.N.M. Feb. 21, 2018) (unpublished). Petitioner may apply to the state court for appointment of counsel to assist her in exhausting her state law claims. *See* Mich. Ct. R. 6.505(A) (stating that, "[i]f the defendant has requested appointment of counsel, and the court has determined that the defendant is indigent, the court may appoint counsel for the defendant at any time during the proceedings under this subchapter" and that "[c]ounsel must be appointed if the court directs that oral argument or an evidentiary hearing be held").

For the foregoing reasons, Petitioner's motion for appointment of counsel in this case (ECF No. 9) is hereby **DENIED**.

**IT IS SO ORDERED,** this 10th day of March, 2022.

Case: 2:22−cv−10521
Assigned To : Goldsmith, Mark A.
Referral Judge: Grand, David R.
Description: HC MARSHA
RUTHERFORD V JEREMY
HOWARD

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

4